STATE OF MINNESOTA

IN SUPREME COURT

A24-1583

Court of Appeals                                                              McKeig, J.

Jordan L. Oslund,

        Appellant,

vs.                                                                          Filed: August 5, 2026
                                                                             Office of Appellate Courts
The Paint Genie, Inc.,

        Respondent,

Department of Employment and
Economic Development,

        Respondent.

_____

Mahesha P. Subbaraman, Subbaraman PLLC, Minneapolis, Minnesota, for appellant.

Melannie Markham, Keri A. Phillips, Katrina Gulstad, Saint Paul, Minnesota, for respondent Department of Employment and Economic Development.

Teresa Nelson, Catherine Ahlin-Halverson, Alicia Granse, Saint Paul, Minnesota, for amicus curiae American Civil Liberties Union of Minnesota.

Celeste E. Culberth, Leslie L. Lienemann, Culberth & Lienemann, LLP, Saint Paul, Minnesota, for amicus curiae Employment Lawyers Association of the Upper Midwest.

Mary Kaczorek, Luke Grundman, Minneapolis, Minnesota, for amicus curiae Mid-Minnesota Legal Aid.

Matthew J. Barber, Schwebel, Goetz & Sieben, P.A., Minneapolis, Minnesota, for amicus curiae Minnesota State Bar Association Access to Justice Committee.

1

Daniel Gray Leland, Leland Conners PLC, Minneapolis, Minnesota; and

Leonard Bates, Newkirk Law, Des Moines, Iowa, for amicus curiae National Employment Lawyers Association—Minnesota Chapter.

Scott M. Flaherty, Taft Stettinius and Hollister LLP, Minneapolis, Minnesota, for amici curiae Professor Peter B. Knapp and Steven M. Premo.

Brianna Boone, Jacyn Gormish-Gray, Russell Squire, Benjamin Weiss, Saint Paul, Minnesota, for amicus curiae Southern Minnesota Regional Legal Services.

---

## S Y L L A B U S

An applicant's appeal from a determination of ineligibility for unemployment benefits that is filed after the statutory deadline in Minn. Stat. § 268.101, subd. 2(f) (2022), must be dismissed as untimely by an unemployment law judge under Minn. Stat. § 268.105, subd. 1a(c) (2022), who does not have discretion to consider the applicant's explanation for the late appeal.

Affirmed.

## O P I N I O N

McKEIG, Justice.

Appellant Jordan L. Oslund filed an administrative appeal from respondent Department of Employment and Economic Development (DEED)'s determination that Oslund is ineligible for unemployment benefits. An unemployment law judge (ULJ) dismissed Oslund's appeal as untimely. Oslund concedes that his appeal was late under the statutory deadline in Minn. Stat. § 268.101, subd. 2(f) (2022), but argues that the ULJ should have considered his explanation for the late appeal before dismissing the appeal. We conclude that Oslund's late appeal under Minn. Stat. § 268.101, subd. 2(f), required

2

the ULJ to dismiss the appeal as untimely under Minn. Stat. § 268.105, subd. 1a(c) (2022), and the ULJ did not have the discretion to make an exception to the statutory appeal deadline. We therefore affirm the decision of the court of appeals, which affirmed the ULJ's order dismissing Oslund's late appeal.

## FACTS

Oslund worked as a painter for respondent The Paint Genie, Inc. The employer discharged Oslund in March 2024. Later that month, he applied for unemployment benefits. DEED determined that Oslund was ineligible for unemployment benefits because he was "discharged for employment misconduct."

DEED mailed a document titled "Determination of Ineligibility" to Oslund at his last known address on April 29, 2024. The document stated, "This determination will become final unless an appeal is filed by Monday, May 20, 2024." *See* Minn. Stat. § 268.101, subd. 2(f) (providing that a "determination of ineligibility is final unless an appeal is filed by the applicant … within 20 calendar days after sending").[1] Oslund claims that he was temporarily homeless and did not receive the document until after the 20-day appeal window had closed.

---

[1] In 2023, the Legislature increased the appeal window from 20 days to 45 days. Act of May 8, 2023, ch. 33, § 15, 2023 Minn. Laws 301, 309 (codified at Minn. Stat. § 268.101, subd. 2(f) (2024)). But this amendment was not in effect at the time of Oslund's determination, and thus we cite to the 2022 version of the Minnesota Unemployment Insurance Law. *See id.*, ch. 33, § 15, 2023 Minn. Laws at 309 (stating that the amendment became effective "for determinations issued on or after May 5, 2024"). We note that Oslund's appeal would have been late even under the 45-day appeal window.

On June 20, 2024, a month after the appeal deadline had passed, Oslund filed an administrative appeal from the determination of ineligibility. In response to the question on the appeal form, "Why are you filing your appeal late?" Oslund responded that he "was evicted from [his] rental unit for lack of payment and just recently received this Determination of Ineligibility letter."

A ULJ dismissed Oslund's appeal as untimely because it "was not filed within the time period required by law." The order stated that the determination was "**final** by operation of law," and the ULJ had "no legal authority to hear and consider the appeal."

Oslund filed a request for reconsideration. He explained that he "had been evicted from [his] townhouse" and did not receive the determination of ineligibility until after the appeal deadline had passed. He also stated that he deserved to receive unemployment benefits because his employer had lied about the reason for his termination. The ULJ affirmed the dismissal of the appeal as "factually and legally correct."

Oslund petitioned the court of appeals for a writ of certiorari. The court of appeals affirmed the dismissal of his administrative appeal, holding that "there are no exceptions or extensions to the 20-day appeal deadline" in Minn. Stat. § 268.101, subd. 2(f). *Oslund v. Paint Genie, Inc.*, No. A24-1583, 2025 WL 1733341, at *3 (Minn. App. June 23, 2025). We granted Oslund's petition for further review.

**ANALYSIS**

Oslund concedes that his administrative appeal from DEED's initial determination of ineligibility was late. But he argues that the ULJ erred by not considering his explanation for the late appeal—that he missed the deadline "due to a lack of notice

4

caused by an eviction and temporary homelessness." According to Oslund, the ULJ may suspend the appeal deadline "upon facts establishing non-delivery or too-late delivery" of the determination of ineligibility. DEED counters that "[t]he statute does not provide any waiver, excuses, extensions, tolling, or exceptions to the deadline."

At issue here is whether a ULJ may consider an applicant's explanation for a late appeal from a determination of ineligibility for unemployment benefits. To answer this question, we interpret and apply the Minnesota Unemployment Insurance Law, Minn. Stat. §§ 268.001–.23 (2022). A claim for unemployment benefits is purely statutory. Minn. Stat. § 268.069, subd. 3 ("There is no equitable or common law denial or allowance of unemployment benefits.").

We review questions of statutory interpretation de novo. *Snell v. Walz*, 6 N.W.3d 458, 467 (Minn. 2024). "The goal of statutory interpretation is to effectuate legislative intent by reading the statute as a whole." *Energy Transfer LP v. Greenpeace Int'l*, 23 N.W.3d 554, 564 (Minn. 2025). We interpret statutory language "in context of the statute as a whole." *Schneider v. Child.'s Health Care*, 996 N.W.2d 197, 202 (Minn. 2023). If legislative intent "is plain from the text and context of the statute—that is, there is only one reasonable interpretation of the language—we then adopt that meaning." *In re SIRS Appeal by Best Care, LLC*, 26 N.W.3d 459, 468 (Minn. 2025).

A.

We begin our analysis with the statutory framework for determining an applicant's eligibility for unemployment benefits. An applicant's eligibility is determined through a multi-stage administrative process. An applicant applies for unemployment benefits and

5

establishes a benefit account. *See* Minn. Stat. § 268.07, subd. 1. After reviewing information provided by the applicant and the applicant's employer(s), DEED issues an initial determination of eligibility or ineligibility. *See* Minn. Stat. § 268.101, subd. 2. Unless an applicant affirmatively elects to receive the determination by electronic transmission, DEED sends the determination by mail to the applicant's "last known address." Minn. Stat. § 268.032. The applicant may file an administrative appeal from an initial determination of ineligibility. *See* Minn. Stat. § 268.101, subd. 2(f). If the applicant files "a timely appeal," a ULJ conducts "a de novo due process hearing" to determine eligibility. Minn. Stat. § 268.105, subd. 1(a).

The parties' dispute here concerns the nature of the statutory deadline for appealing DEED's initial determination of ineligibility for unemployment benefits. Under the statute in effect at the time of Oslund's appeal, an applicant had 20 days from when DEED sent the determination to file an administrative appeal: "A determination of eligibility or determination of ineligibility is final unless an appeal is filed by the applicant or employer within 20 calendar days after sending." Minn. Stat. § 268.101, subd. 2(f) (establishing that "[p]roceedings on the appeal are conducted in accordance with section 268.105"). Under Minn. Stat. § 268.105, a ULJ "must" dismiss an appeal that was not filed within the 20-day window:

> The unemployment law judge must issue a decision dismissing the appeal as untimely if the judge decides the appeal was not filed within 20 calendar days after the sending of the determination. The unemployment law judge may dismiss the appeal by summary decision, or the judge may conduct a hearing to obtain evidence on the timeliness of the appeal.

Minn. Stat. § 268.105, subd. 1a(c).

6

Oslund concedes that his appeal was late because he did not file the appeal within 20 days after DEED sent the determination of ineligibility. But he challenges the finality of the determination, arguing that the ULJ should have considered the reason for his late appeal before dismissing his appeal. Citing the "pro-decisionmaking" statutory text, Oslund argues that the ULJ had discretion to consider and apply exceptions to the appeal deadline. DEED responds that the ULJ dismissed Oslund's appeal "as required" because "[t]here are no exceptions or extensions for mitigating circumstances."

We conclude that the plain language of the unemployment appeal statutes required the ULJ to dismiss Oslund's appeal as untimely. The statutes unambiguously provide that a determination of ineligibility "is final" unless the applicant files a timely appeal, Minn. Stat. § 268.101, subd. 2(f), and the ULJ "*must*" dismiss an untimely appeal, Minn. Stat. § 268.105, subd. 1a(c) (emphasis added). When used in a statute, " 'must' is mandatory." *Spann v. Minneapolis City Council*, 979 N.W.2d 66, 74 (Minn. 2022) (quoting Minn. Stat. § 645.44, subd. 15a (" 'Must' is mandatory.")).

In a case involving the timeliness of an appeal from a determination of ineligibility, the only decision the ULJ may make is whether the appeal was filed within 20 days after the sending of the determination. If there is a factual dispute as to when the determination was sent or when the appeal was filed, the ULJ "may conduct a hearing to obtain evidence on the timeliness of the appeal." Minn. Stat. § 268.105, subd. 1a(c). But there was no dispute here regarding the timeliness of the appeal—Oslund admitted that he filed the appeal after the 20-day window had closed. Consequently, the ULJ was

required to "issue a decision dismissing the appeal as untimely" under Minn. Stat. § 268.105, subd. 1a(c).

Oslund's interpretation of the unemployment appeal statutes as providing the ULJ with the discretion to consider exceptions to the filing deadline is not reasonable. Crucially, there is no language in Minn. Stat. § 268.105, subd. 1a(c), that provides the ULJ with the discretion to consider an applicant's explanation for a late appeal from a determination of ineligibility. In contrast, other provisions of the unemployment statutes explicitly state when the ULJ has discretion and when the ULJ may consider good cause. For example, a different provision of Minn. Stat. § 268.105, subd. 1a, which addresses participation in the hearing, explicitly articulates the discretion and good-cause exception that Oslund asks us to read into the provision addressing determinations of ineligibility:

> If the appealing party fails to participate in the hearing, the unemployment law judge has the *discretion* to dismiss the appeal by summary decision. By failing to participate, the appealing party is considered to have failed to exhaust available administrative remedies unless the appealing party files a request for reconsideration … and establishes *good cause* for failing to participate in the hearing.

Minn. Stat. § 268.105, subd. 1a(b) (emphasis added).

"We presume that distinctions in language in the same context are intentional." *Humana MarketPoint, Inc. v. Comm'r of Revenue*, 25 N.W.3d 841, 854 (Minn. 2025). The Legislature used mandatory "must" language with respect to a ULJ's dismissal of a late appeal from a determination of ineligibility, Minn. Stat. § 268.105, subd. 1a(c)—in contrast to the "discretion" and "good cause" language the Legislature used in the preceding provision addressing the consequences of failing to participate in the hearing,

8

Minn. Stat. § 268.105, subd. 1a(b). We therefore reject Oslund's interpretation of the statutory deadline for appealing a determination of ineligibility, which would require us to "rewrite the statute and add language" that the Legislature omitted. *Energy Pol'y Advocs. v. Ellison*, 980 N.W.2d 146, 163 (Minn. 2022).

We therefore hold, based on the clear statutory language, that the Legislature did not intend to give the ULJ discretion to make an exception and allow a late appeal of a determination of ineligibility under Minn. Stat. § 268.105, subd. 1a(c). Rather, the ULJ *must* dismiss a late appeal without considering the applicant's explanation for the late appeal.

B.

Our conclusion here is consistent with our precedent interpreting the statutory deadline for appealing a determination of ineligibility for unemployment benefits. *See Keystone Twp. v. Red Lake Watershed Dist.*, 20 N.W.3d 612, 620–21 (Minn. 2025) ("We consider our prior interpretations of a statute in reviewing subsequent disputes over the meaning of the statute." (citation omitted) (internal quotation marks omitted)). In a prior decision, we held that the statutory time limit for appealing a determination of ineligibility was "absolute and unambiguous." *Semanko v. Dep't of Emp. Servs.*, 244 N.W.2d 663, 666 (Minn. 1976) (interpreting Minn. Stat. § 268.10, subd. 2(4) (1974)). We rejected the applicant's argument that he was entitled to "a hearing where he might show compelling good cause for his otherwise late filing of appeal." *Id.* at 665. We arrived at this conclusion, in part, by distinguishing another unemployment appeal deadline that permitted "an opportunity to show compelling good cause for failure to file a timely

9

appeal from a determination of an issue of disqualification or chargeability to an employer's account." *Id.* (citing Minn. Stat. § 268.10, subd. 2(1) (1974)).

Although the Legislature has amended the unemployment appeal statutes several times since we decided *Semanko* in 1976, the Legislature has not made any substantive change to the nature of the appeal deadline following our decision that would change the outcome here—for example, specifying that the ULJ has discretion to consider a late appeal or adding a good-cause exception.[2] *See Kenneh v. Homeward Bound, Inc.*, 944 N.W.2d 222, 230 (Minn. 2020) (noting that "judicial construction of a statute becomes

---

[2]    Oslund argues that *Semanko* is "distinguishable" from this case, in part, because the Legislature "replaced all of the deadline's jurisdictional hallmarks ('benefits shall be … denied') and mandates ('shall … file'; 'shall be final') with descriptive text ('is')." We disagree. The appeal statute contained the phrase "shall be final" from the time the Unemployment Insurance Law was enacted in 1936 until 2007, when the Legislature amended the deadline language to "is final." *Compare* Act of Dec. 24, 1936, ch. 2, § 8(b), 1936 Minn. Extra Sess. Laws (2d Extra Sess.) 6, 20 (establishing the determination "shall be final" unless an appeal is filed within a certain time frame), *and* Minn. Stat. § 268.10, subd. 2(4) (1957) (same), *with* Minn. Stat. § 268.08, subd. 2(f) (2007) (establishing that the determination "is final" unless an appeal is filed within 20 calendar days). But this change from "shall be" to "is" was part of a larger overhaul of "housekeeping" and "style changes" to the entire Unemployment Insurance Law. Act of May 22, 2007, ch. 128, 2007 Minn. Laws 930, 930 (describing the 2007 amendments as "*[a]n act relating to unemployment insurance; making various policy, housekeeping, and style changes to the Minnesota Unemployment Insurance Law*"). Although the 2007 amendments included policy changes, it is clear that the modification of "shall be" to "is" was not intended to be a policy change: the legislation updated hundreds of instances of "shall" to "may," "will," and "must"; and "shall be" to "is" and "are," among other similar changes. *Id.*, ch. 128, 2007 Minn. Laws 930, 930–1032. The Legislature's amending of the appeal deadline's language from "shall be final" to "is final" was part of this larger "rearrangement [or] clarification" of the statute, not an attempt to change the statute's meaning or application. *See Koehnen v. Flagship Marine Co.*, 947 N.W.2d 448, 453 (Minn. 2020) ("The presumption that the Legislature intends to change the law when it amends a statute will not apply where it appears on examination that the statutory amendment was only for the purpose of rearrangement[ or] clarification." (citation omitted) (internal quotation marks omitted)).

10

part of the statute as though written therein" (citation omitted) (internal quotation marks omitted)). Therefore, *Semanko*'s holding that the statutory deadline for appealing a determination of ineligibility is "absolute and unambiguous" remains good law.[3] 244 N.W.2d at 666.

We acknowledge the fairness concerns raised by Oslund and the amici regarding the finality of the appeal deadline. They note that there are circumstances out of the applicant's control, which may prevent the applicant from filing a timely appeal, such as lost mail, post office delays, and misdelivery of mail. While "[t]here may well be sound public policy reasons" for the Legislature to allow exceptions to the appeal deadline, "[w]e must read this state's laws as they are, not as some argue they should be." *Expose v. Thad Wilderson & Assocs., P.A.*, 889 N.W.2d 279, 285–86 (Minn. 2016).

\* \* \*

The plain language of Minn. Stat. § 268.101, subd. 2(f), establishes that a determination of ineligibility for unemployment benefits "is final" unless the applicant files an administrative appeal within 20 days after the sending of the determination, and

---

[3]     Oslund and the amici ask us to treat the appeal deadline in Minn. Stat. § 268.101, subd. 2(f), as a tollable limitations period, not a rigid jurisdictional requirement. They cite our decision in *Rued v. Commissioner of Human Services*, which held that a statutory time limit to serve a notice of appeal to the district court from an agency decision was a waivable limitations period rather than a requirement for subject matter jurisdiction. 13 N.W.3d 42, 50 (Minn. 2024). We decline to frame the statutory interpretation issue here as an issue of jurisdiction. *See State of Minn. Off. of Att'y Gen. v. Madison Equities, Inc.*, 29 N.W.3d 700, 711 n.14 (Minn. 2026) (stating that "[w]e are not bound by the arguments made by the parties" in matters of statutory interpretation (citation omitted) (internal quotation marks omitted)). And we emphasize that this case is focused solely on the decision of the ULJ; it does not require us to determine whether the missed deadline affects *the courts'* jurisdiction to review a denial of unemployment insurance benefits.

the plain language of Minn. Stat. § 268.105, subd. 1a(c), provides that a ULJ "must" dismiss an appeal as untimely if the applicant did not file the appeal within the 20-day window. Because there is no dispute that Oslund filed his appeal more than 20 days after DEED sent the determination, the ULJ was required to dismiss the appeal as untimely without considering Oslund's explanation for the late appeal.[4]

## CONCLUSION

For the foregoing reasons, we affirm the decision of the court of appeals.

Affirmed.

---

[4] The only issue we decide today is whether a ULJ, when considering the timeliness of an appeal from a determination of ineligibility for unemployment benefits, may consider facts other than when the determination was sent and when the appeal was filed. We do not address the availability of other legal challenges to the finality of the statutory appeal deadline, including constitutional challenges.